TOWN OF BELOIT and another, Appellants, v. PUBLIC SERVICE COMMISSION and another, Respondents.

*February 1—February 28, 1967.*

For the appellants there was a brief by *Garrigan, Keithley, O'Neal, Dobson & Elliott* of Beloit, and oral argument by *Roger D. O'Neal.*

For the respondent Public Service Commission the cause was argued by *William E. Torkelson,* chief counsel, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent Wisconsin Power & Light Company there was a brief by *Petersen, Sutherland, Axley & Brynelson* of Madison, and oral argument by *Robert J. Sutherland.*

HANLEY, J. The principal issue in this case is whether or not the utility company held itself out to the public or assumed any obligation to serve the public in the area referred to as the district.

It is a fundamental principle of public utility law that a public utility is required to serve only within the scope of its undertaking, or profession of service. *Weyauwega Telephone Co. v. Public Service Comm.* (1961), 14 Wis. (2d) 536, 541, 111 N. W. (2d) 559.

In *Milwaukee v. Public Service Comm.* (1954), 268 Wis. 116, 120, 66 N. W. (2d) 716, this court stated:

"Every public utility has the obligation, within the scope of its undertaking, to furnish its service to all who reasonably require it. . . ."

The obligation referred to in the above case and the enforcement thereof apply only to the area or scope of the undertaking or profession of the utility to serve.

The law is equally clear that it would be a violation of due process contrary to the Fourteenth amendment of

the United States constitution to compel a public utility to serve beyond its profession of service.

The United States supreme court in *Interstate Commerce Comm. v. Oregon-Washington R. & N. Co.* (1933), 288 U. S. 14, 39, 41, 53 Sup. Ct. 266, 77 L. Ed. 588, said:

".. . Those decisions show that due process is denied by requiring service which goes beyond the undertaking of the carrier. . . .

". . .

". . . State courts have uniformly held that to require extension of existing lines beyond the scope of the carrier's commitment to the public service is a taking of property in violation of the federal constitution. The decisions of this court will be searched in vain for the announcement of any principle of Constitutional interpretation which would support the order of the Commission. . . ."

*Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.* (10th Cir. 1938), 100 Fed. (2d) 770; *Phillips Petroleum Co. v. Corporation Comm.* (Okla. 1956), 312 Pac. (2d) 916, 918; and *Utah Power & Light Co. v. Public Service Comm.* (1952), 122 Utah 284, 249 Pac. (2d) 951, 952.

We must determine the scope of the undertaking of the utility since it must be conceded that the utility can profess service in a number of ways. The determination may be aided by contracts, maps, tariffs filed with state agencies or from the conduct and practices of the utility with or without regard to existing maps. The question to be determined is one of fact. *Milwaukee v. Public Service Comm., supra.*

The Public Service Commission here has made that finding of fact, and its finding has been reviewed by the circuit court and affirmed.

Pursuant to sec. 227.20 (1) (d), Stats., the circuit court has the power to review, but not to reverse, if there is substantial evidence in view of the entire record which supports the commission's findings.

The utility serves water to the city of Beloit under an indeterminate permit. It serves water in the town of Beloit to the north of the city limits in the area embraced within its undertaking or profession to serve as filed with the Public Service Commission. All mains are within this area. The district requesting service is 1,100 feet from the limits of the undertaking. The elevation of the district is 20 feet above the elevation of the nearest main. Service to the area would require a 10-inch water main extension and the construction of a booster station.

The fact that the undertaking extends on the east side of the river approximately 11,000 feet from the city limits, whereas the undertaking on the west side of the river extends only approximately 3,500 feet from the city limits, does not support a contention that the undertaking exists at the district. Once a utility has filed a map, neither distance nor a listing of other areas being served has any validity as a test for determining whether or not a utility has held itself out to serve an area.

The fact that a utility has extended service a certain distance in one direction does not mean it must serve an equal distance in all directions.

The filing of a map and the consistent functioning within the confines of such map by a utility seemingly would foreclose any contrary arguments in regard to an obligation to serve other areas.

Counsel for the district argues that the utility has not consistently adhered to the professed boundaries and cites the departure made in the service rendered to Turner high school.

This court, in *Wisconsin Gas & Electric Co. v. Railroad Comm.* (1929), 198 Wis. 13, 17, 222 N. W. 783, said:

". . . If the circumstances were reversed and a city furnishing utility service had inadvertently stepped over the city boundaries to render a very slight service at practically no expense, and we were asked to hold that it

was thereby obligated to serve the entire town although the city had no intention of entering the town as a public utility, it would require a most strained and unnatural interpretation of the facts and the law to so hold."

Although it cannot be said that the utility here inadvertently stepped over the map boundaries, the permitting of the school to hook up its lateral connection to the water main at most can be labeled a bit of evidence before the commission involved in the findings of the commission on the record as a whole.

The undisputed facts show that the service was slight and that the town built a lateral from the school to the main lying within the professed area.

The above exception involving Turner high school is not substantial evidence to support a finding that the utility has held itself out to serve areas beyond those prescribed by its filed map.

Counsel for the district cites *Weyauwega Telephone Co. v. Public Service Comm., supra,* as authority for their position that the utility could not rest on its filed map as establishing a limit to its undertaking. We think it is not in point. That was a telephone case controlled by a different statute and order. *Weyauwega, supra,* held that the filing of an undertaking to serve does not dissipate an obligation which had already arisen from its "indeterminate permit."

In the instant case there was no indeterminate permit insofar as the town of Beloit was concerned; and the undertaking to serve was prescribed by the filed map. By filing the undertaking to serve in 1960 the utility was not attempting to cut back on a preexisting obligation but was, in fact, voluntarily extending the limits of its service. The difference is obvious.

Counsel also argues that the case of *Milwaukee v. Public Service Comm., supra,* supports his position. The factual situation in that case is readily distinguishable.

The facts demonstrated that the Milwaukee utility was furnishing service to others lying outside of the municipal boundaries and that these others completely surrounded the General Motors building, the owners of which were petitioning for service. The court held under these facts that the utility was therefore obligated to serve the entire area.

In the present case the utility has adhered to the established boundaries with one minor exception, and its service area has not been extended so as to surround the district.

The case of *Milwaukee v. Public Service Comm.* (1942), 241 Wis. 249, 5 N. W. (2d) 800, also is a case not in point. In this case service was extended beyond the municipal boundaries. This court held that the scope of the profession of service was to be measured by the terms of the specific contract between the town of Milwaukee and the city of Milwaukee, an operator of a waterworks utility. No such contract exists in the instant case.

We conclude that the findings of fact of the Public Service Commission of Wisconsin, that the utility has made no profession or undertaking to serve in the district, are amply supported by substantial evidence. The orders based on these findings and the judgment of the court must be affirmed.

Other questions have been presented in the brief and oral argument of counsel for the district which are unnecessary to consider in the light of our decision on the question of "holding out," which is the principal question on this appeal.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.